# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-60753
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2016

Lyle W. Cayce
Clerk

————

SONIA RAMOS-LOPEZ,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

————

Petitions for Review of an Order of the
Board of Immigration Appeals

————

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Sonia Ramos-Lopez, a native and citizen of Guatemala, petitions this court to review the decisions of the Board of Immigration Appeals (BIA) that (1) dismissed her appeal from an immigration judge's denial of her motion to reopen in absentia removal proceedings and (2) denied her subsequent motion for reconsideration. In support of her first claim, Ramos-Lopez contends that she presented evidence of changed country conditions that was material and unavailable in 1998. Specifically, she argues that her evidence showed that the violence against women in Guatemala has escalated and is now called femicide or feminicide; that the country has remilitarized since the election of

No. 14-60753

a new president, Otto Perez Molina;[1] and that she is at risk due to her brother-in-law's past involvement with a drug cartel.  Also, she contends that the BIA violated her due process rights by failing to consider all of the evidence she submitted.  Next, Ramos-Lopez contends that she made a prima facie showing of her eligibility for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  Despite this showing, she contends that the BIA failed to consider all of the evidence and her application for CAT relief.

We review "the denial of a motion to reopen under a highly deferential abuse-of-discretion standard." *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (citation omitted).  There is no dispute that Ramos-Lopez filed her motion to reopen well beyond the 90-day period set forth in 8 U.S.C. § 1229a(c)(7)(C)(i).  However, there are no time or number limitations on filing motions to reopen if the reason for the motion is to apply for asylum, withholding of removal, or CAT relief and the motion "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."   §  1229a(c)(7)(C)(ii);  8  C.F.R. § 1003.23(b)(4)(i).

Although the documents Ramos-Lopez submitted with her motion to reopen indicate that the number of women murdered in Guatemala has increased and decreased at various intervals over the years and that the number murdered has more recently been increasing, Ramos-Lopez did not compare, in any meaningful way, the conditions existing when she filed her motion to reopen in 2013 with those at the time of her 1998 removal hearing and how those general conditions relate to her specific claims.  Therefore, as to

---

[1] Perez Molina subsequently resigned following his arrest on corruption charges, and Jimmy Morales was elected president in October of 2015, taking office in January of 2016.

her claims of femicide, she has failed to present material evidence of changed country conditions. *See* § 1229a(c)(7)(C)(ii); *Panjwani v. Gonzales*, 401 F.3d 626, 632–33 (5th Cir. 2005).

Likewise, as to her assertions regarding the remilitarization of Guatemala after the election of Otto Perez Molina, her briefing does not compare, in any meaningful way, the conditions in 1998 and 2013. *See Panjwani*, 401 F.3d at 632–33. Her claim regarding her brother-in-law's past involvement with a drug cartel is also unavailing as it shows only a change in her personal circumstances. *See Zhao v. Gonzales*, 440 F.3d 405, 407 (7th Cir. 2005). Thus, as to these issues, Ramos-Lopez has failed to present material evidence of changed country conditions. *See* § 1229a(c)(7)(C)(ii); *Panjwani*, 401 F.3d at 632–33.

In light of the foregoing and the heavy burden to show changed country conditions for purposes of reopening immigration proceedings, *see Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir 2006), the BIA did not abuse its discretion in agreeing with the immigration judge that Ramos-Lopez had not made the required showing, *see Panjwani*, 401 F.3d at 632–33. Because the BIA did not abuse its discretion, this court need not reach Ramos-Lopez's claims regarding her eligibility for asylum, withholding of removal, and relief under the CAT. Ramos-Lopez also cannot establish a due process violation because "there is no liberty interest at stake in a motion to reopen." *Altamirano-Lopez*, 435 F.3d at 550–51.

Finally, we lack jurisdiction to consider Ramos-Lopez's claim regarding the BIA's denial of her motion for reconsideration because she filed an untimely petition for review of that decision. The BIA issued its decision on January 30, 2015. The letter accompanying the BIA decision clearly stated: "any petition for review of the attached decision must be filed with and received by the

appropriate court of appeals within 30 days of the date of the decision." Under 8 U.S.C. § 1252(b)(1), a "petition for review must be filed not later than 30 days after the date of the final order of removal." This filing deadline is jurisdictional. *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003). Separate petitions for review are required to challenge the resolution of each motion to reopen and reconsider. *See Kane v. Holder*, 581 F.3d 231, 237 n.14 (5th Cir. 2009) (observing that "the statutory text . . . contemplates the filing of separate petitions for review following both the BIA's initial order and the resolution of any subsequent motion to reconsider or reopen"); *see also Tarango v. Holder,* 592 F. App'x 293, 295 & n.3 (5th Cir. 2014) (observing that separate petitions are required for subsequent motions), *cert. denied*, 135 S. Ct. 2873 (2015). Thirty days from January 30, 2015, was March 1, 2015, a Sunday, so the petition for review was due on Monday, March 2, 2015. *See* FED. R. APP. P. 26(a).

Ramos-Lopez concedes that her petition for review was not received in this court until the next day, March 3. Instead, she argues that her petition was timely under the three-day enlargement period of Federal Rule of Appellate Procedure 26(c). By its terms, Rule 26(c) applies only to actions triggered by "service." FED. R. APP. P. 26(c) ("When a party may or must act *within a specified time after service*, 3 days are added after the period would otherwise expire . . . ." (emphasis added)). Section 1252(b)(1) does not mention "service"; the trigger date for filing is the "date of the final order of removal." 8 U.S.C. § 1252(b)(1). Thus, Rule 26(c) does not apply to enlarge the period in § 1252(b)(1). *See Mounivong v. I.N.S.*, 49 F.3d 728, 1995 WL 103624, at *1 (5th Cir. 1995) (unpublished) (holding under a prior immigration statute that Rule 26(c) did not enlarge the period for filing a petition for review of the BIA's decision because Rule 26(c) refers to service, while the time for filing under the

No. 14-60753

statute at issue commenced upon "the date of the issuance" of the final deportation order);[2] *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (dismissing a petition for failure to timely file a petition for review under § 1252(b)(1) and similarly rejecting an argument that Rule 26(c) enlarged the time for filing the petition); *cf. Lashley v. Ford Motor Co.*, 518 F.2d 749, 750 (5th Cir. 1975) (providing a similar analysis of Rule 26(c) and the FED. R. APP. P. 4(a) filing period); *see also* FED. R. APP. P. 26(b)(2). Ramos-Lopez's March 3 filing was untimely, and we lack jurisdiction to review the BIA's denial of the motion for reconsideration. *Navarro-Miranda*, 330 F.3d at 676 (dismissing where petition was timely mailed by counsel but received after the deadline).

Accordingly, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.

---

[2] Although *Mounivong* is an unpublished decision, it is precedential under our local rules. 5TH CIR. R. 47.5.3.