# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60819
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
May 4, 2017

Lyle W. Cayce
Clerk

RUBEN ANTONIO PENA-HERNANDEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 135 332

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Ruben Antonio Pena-Hernandez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) order denying as number-barred, *inter alia*, his motion to reopen under 8 U.S.C. § 1229a(c)(7)(A).

An immigration judge (IJ) ordered Pena removed, *in absentia*, in 2005 after his being charged with being unlawfully present in the United States, in

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

violation of 8 U.S.C. § 1182(a)(6)(A)(i).  In 2013, he filed a motion to reopen his removal proceedings, claiming he had not received notice of the 2005 removal hearing.  The motion was denied.

Pena did not appeal.  Rather, he filed a second motion to reopen, with an emergency request to stay removal, asserting:  he was likely to succeed on claims for asylum and under the Convention Against Torture (CAT); and he did not receive adequate notice of the 2005 removal hearing.  The motion was denied, *inter alia*, as number-barred, and the BIA affirmed.

Pena does not disagree his motion to reopen is number-barred unless he can show a material change in the country conditions of El Salvador.  Pena contends, nonetheless, the BIA abused its discretion by ruling he failed to avoid the number-bar by his: submitting material evidence of changed country conditions, in accordance with § 1229a(c)(7)(C)(ii); and showing he was *prima facie* eligible for asylum and CAT relief.  In support, he asserts "he did not have a fear of persecution or torture in El Salvador until . . . gang members began threatening his family in 2013 and eventually actualized those threats by murdering his 18 year old son [in] 2014".  He also alleges his sister "has been targeted by gangs due to her job as a police officer", forcing her to move to a different city in El Salvador to escape the violence.

These facts, *inter alia*, he contends, establish both changed conditions in El Salvador, as well as "(1) . . . a well-founded fear of persecution, (2) on account of a protected ground, [(3)] by an organization that the Salvadoran government is unable or unwilling to control".  He does not, however, present evidence of the conditions that existed in El Salvador in 2005.

The BIA's order denying the motion to reopen is reviewed under a "highly deferential abuse-of-discretion standard".  *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016) (internal quotation marks and citation omitted).

No. 15-60819

Pena has not attempted the required meaningful comparison of the conditions at the time he filed the instant motion with those at the time of his 2005 removal hearing. *See id.* As Pena fails to show the BIA abused its discretion by denying his claim based upon his failure to show changed country conditions, we need not reach his claims regarding eligibility for asylum or CAT relief. *See id.*

DENIED.