# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60266
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2017

Lyle W. Cayce
Clerk

HANG-LIANG PAN,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 994 807

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Hang-Liang Pan, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen deportation proceedings. Pan filed his motion to reopen more than 90 days after the BIA's final order in the deportation proceedings. He contends that the BIA abused its discretion in concluding that he failed to demonstrate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

changed country conditions in China.  He further asserts that he made a showing of prima facie eligibility for relief from deportation.

This court has jurisdiction to review the denial of a motion to reopen based on changed country conditions.  *See Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005).  Review is under a highly deferential abuse of discretion standard, and the decision will be upheld as long as it is "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach."  *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005) (internal quotation marks and citation omitted).

The BIA has the authority to reopen deportation proceedings beyond the 90-day limitation period if the request for relief "is based on changed circumstances arising in the country of nationality or the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).

The evidence provided by Pan reflects ongoing suppression of individuals based on their religion or participation in political dissent by the Chinese government.  However, Pan failed to demonstrate the country conditions that existed in China at the time of his deportation hearing in 1995 or whether the crackdown on these groups of individuals occurred in Pan's home province.  Therefore, the BIA did not abuse its discretion in determining that Pan failed to establish a material change in country conditions in China.  *See Manzano-Garcia*, 413 F.3d at 469; *Ramos-Hernandez v. Lynch,* 823 .3d 1024, 1026 (5th Cir. 2016.).

Because Pan failed to show that the BIA abused its discretion in determining that he failed to show a material change in the country conditions

No. 16-60266

in China, the court need not examine his argument that he made a prima facie showing that he was eligible for relief from deportation based on his religion or his political opinion. *See Ogbemudia v. INS.,* 988 F.2d 595, 601 (5th Cir. 1993); *Iqbal v. Holder*, 519 F. App'x 243, 244 (5th Cir. 2013).

Accordingly, the petition for review is DENIED.