# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-60656
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2017

Lyle W. Cayce
Clerk

KAREN AMAYA-BRIONES,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 285 394

————

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Karen Amaya-Briones, a native and citizen of Honduras, petitions this court to review the decision of the Board of Immigration Appeals (BIA) denying her second motion to reopen in absentia removal proceedings. She argues that the immigration judge (IJ) erred by determining that her motion, which was based on changed country conditions, was barred by time and number

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60656

limitations.  She also argues that she has made a prima facie showing of eligibility for relief from removal.

This court reviews the BIA's order and will consider the IJ's underlying decision if it influenced the BIA's determination.  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  Here, the BIA affirmed the IJ's decision but provided independent reasons for that decision.  In so doing, the BIA treated Amaya-Briones's second motion to reopen as a motion based on changed country conditions.  Thus, this court will not review the IJ's treatment of the motion.  *See Gomez-Palacios*, 560 F.3d at 358.

The BIA determined, inter alia, that Amaya-Briones failed to establish changed country conditions in Honduras since the time of her removal.  None of the evidence submitted by Amaya-Briones provided any meaningful comparison between relevant conditions in Honduras in 2004 and 2015.  *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016); *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005).  Thus, the BIA did not abuse its discretion in denying the motion to reopen.  *See Ramos-Lopez*, 823 F.3d at 1026; *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).  We therefore do not reach Amaya-Briones's argument that she established prima facie eligibility for relief from removal.

Amaya-Briones's petition for review is DENIED.