# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60824
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2017

Lyle W. Cayce
Clerk

VICTOR ANTONIO REYES-BONILLA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 789 463

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Victor Antonio Reyes-Bonilla, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings. Reyes-Bonilla sought to reopen proceedings on the grounds that he was eligible for a provisional unlawful presence waiver (I-610A waiver) based on his wife's approved immediate relative petition and that he should be allowed to pursue claims for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60824

asylum and withholding of removal based on a change in the conditions in El Salvador.

Reyes-Bonilla argues that the BIA's decision not to sua sponte reopen the proceedings in light of his alleged eligibility for a waiver was based on an erroneous legal determination.  However, the BIA expressly declined to sua sponte reopen on a discretionary basis, noting that "the potential availability of an I-610A waiver" did not constitute "an exceptional situation supporting sua sponte reopening."  We therefore lack jurisdiction over that decision.  *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 & n.6 (5th Cir. 2017); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004); 8 C.F.R. § 1003.2(a).

Additionally, the BIA's decision that Reyes-Bonilla failed to show that a material change occurred in El Salvador by failing to submit evidence of the relevant country conditions in existence at the time of his 2006 removal hearing was not "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted).  Although Reyes-Bonilla's evidence showed that violence has been bad in El Salvador in recent years, it did not allow the BIA to make a meaningful comparison between the current conditions and the conditions in the country in 2006.  *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).  Reyes-Bonilla has not satisfied his heavy burden to show changed country conditions for purposes of reopening immigration proceedings.  *See id.*

Accordingly, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.