# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60804
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2017

Lyle W. Cayce
Clerk

RAJESH KUMAR GAUTAM,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087-993-681

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rajesh Kumar Gautam, a native and citizen of India, failed to appear at his December 13, 2010 removal hearing and was ordered removed from the United States in absentia. In October 2015, Gautam moved to reopen his removal proceedings and to rescind the in absentia removal order. The immigration judge (IJ) determined that the motion was untimely and that neither equitable tolling nor changed country conditions warranted reopening

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the proceedings. The Board of Immigration Appeals (BIA) agreed and dismissed Gautam's ensuing appeal. Gautam now petitions this court for review of the BIA's order.

Gautam argues that the BIA misunderstood his argument and abused its discretion in not equitably tolling the 180-day limitations period that he faced in filing the motion to rescind the in absentia order of removal. He asserts that tolling was warranted because he relied on his brother, who fraudulently misrepresented the steps in Gautam's removal proceedings. Gautam asserts that the limitations period should begin from the time he consulted new counsel, who filed the motion to reopen.

In declining to equitably toll the limitations period, the BIA addressed Gautam's assertion that he had relied on his brother's misrepresentation that he would have the case transferred to a closer venue and would follow up with him about the pending removal hearing. Moreover, Gautam does not state the date he consulted new counsel and he has not shown that he diligently pursued his rights, given that he obtained copies of the record in his removal proceedings in February 2014 but did not file the instant motion to reopen the proceedings and rescind the removal order until October 2015. *See Lugo-Resendez v. Ly*nch, 831 F.3d 337, 343-44 (5th Cir. 2016). Nor has he shown that an extraordinary circumstance beyond his control prevented him from complying with the 180-day deadline. *See id.* at 344.

Gautam also argues that the BIA erred in denying his motion to reopen the removal proceedings because he offered evidence of changed conditions in India. Gautam's argument that he made a prima facie showing of eligibility for asylum is inapposite. *See I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). Moreover, as the BIA observed, Gautam's evidence showed an ongoing pattern of political violence that existed when he left India, such that he failed to show

No. 16-60804

a material change in country conditions.  *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).

The petition for review is DENIED.