# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 16-60804
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2018

Lyle W. Cayce
Clerk

————————

RAJESH KUMAR GAUTAM,

Petitioner,

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent.

————————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087-993-681

————————————

ON PETITION FOR REHEARING

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Petitioner has filed a motion for panel rehearing. We GRANT the motion, withdraw the prior opinion, and substitute this opinion in its place.

Rajesh Kumar Gautam, a native and citizen of India, failed to appear at his December 13, 2010 removal hearing and was ordered removed from the United States in absentia. In October 2015, Gautam moved to reopen his

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

removal proceedings and to rescind the in absentia removal order.   The immigration judge determined that the motion was untimely and that neither equitable tolling nor changed country conditions warranted reopening the proceedings.  The Board of Immigration Appeals (BIA) agreed and dismissed Gautam's ensuing appeal.  Gautam now petitions this court for review of the BIA's order.

Gautam argues that the BIA misunderstood his argument and abused its discretion in not equitably tolling the 180-day limitations period that he faced in filing the motion to rescind the in absentia order of removal.  He asserts that tolling was warranted because he relied on his brother, who fraudulently misrepresented the steps in Gautam's removal proceedings. Gautam asserts that the limitations period should begin from the time he consulted new counsel, who filed the motion to reopen.

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016)).  Thus, irrespective of the question of diligence, a petitioner must establish that some extraordinary circumstance prevented timely filing.

In declining to equitably toll the limitations period, the BIA addressed Gautam's assertion that he had relied on his brother's misrepresentation that he would have the case transferred to a closer venue and would follow up with him about the pending removal hearing.  The BIA found that Gautam received legal notice of his final hearing because he was personally served with the December 2010 notice of hearing.  Agreeing with the immigration judge that Gautam failed sufficiently to establish that exceptional circumstances beyond

No. 16-60804

his control caused him to miss his hearing, the BIA held that Gautam was not entitled to equitable tolling.

Gautam also argues that the BIA erred in denying his motion to reopen the removal proceedings because he offered evidence of changed conditions in India. Gautam's argument that he made a *prima facie* showing of eligibility for asylum is inapposite. *See I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). Moreover, as the BIA observed, Gautam's evidence showed an ongoing pattern of political violence that existed when he left India, such that he failed to show a material change in country conditions. *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).

For these reasons, the BIA upheld the immigration judge's decision declining to reopen removal proceedings. The BIA did not abuse its discretion in so deciding.

The petition for review is DENIED.