# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 17-60039
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2018

Lyle W. Cayce
Clerk

ASTRID MICHELLE ESCOBAR-UMANZOR,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Cons. w/No. 17-60041

YANETH LIZETH UMANZOR-MALDONADO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

———————

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 590 400
BIA No. A098 590 399

———————

No. 17-60039
c/w No. 17-60041

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

For these consolidated petitions, Yaneth Lizeth Umanzor-Maldonado and her daughter Astrid Michelle Escobar-Umanzor, natives and citizens of Honduras, seek review of the Board of Immigration Appeals' (BIA) dismissal of their appeals from an Immigration Judge's (IJ) denial of their motions to reopen their *in absentia* removal proceedings.

Unless it meets an exception, a motion to reopen removal proceedings must "be filed within 90 days of the date of entry of a final administrative order of removal"; for petitioners, that date was in early 2005.    8 U.S.C. § 1229a(c)(7)(C)(i).    Nevertheless, a motion to reopen may be filed at any time if the alien provides previously unavailable material evidence of changed circumstances in her home country.    8 U.S.C. § 1229a(c)(7)(C)(ii).

Petitioners maintain the BIA erred in affirming they did not qualify for the changed-country-conditions exception to the time limitation, based upon, *inter alia*, the IJ's determination that Umanzor's abuser's returning to Honduras reflected a change in petitioners' personal circumstances, rather than changed conditions in Honduras.    They assert the abuser's returning to Honduras could not be a personal circumstance, because it was not self-induced by them.    *Larngar v. Holder*, 562 F.3d 71, 75 (1st Cir. 2009).    In addition, they present evidence of an escalation of violence against women in Honduras.    And, Escobar asserts the BIA erred in basing its decision on her mother's contentions, rather than separately analyzing Escobar's.

For obvious reasons, denial of a motion to reopen is reviewed "under a 'highly deferential abuse-of-discretion standard'".    *Singh v. Lynch*, 840 F.3d

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

220, 222 (5th Cir. 2016) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303–04 (5th Cir. 2005)).  "Under that standard, the BIA's ruling will stand, even if this court concludes it is erroneous, 'so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.'"  *Id.* (quoting *Zhao*, 404 F.3d at 304).

Our standard of review controls:  that the return of Umanzor's abuser to Honduras was a change in petitioners' personal circumstances, rather than a change in Honduras in general, was not "utterly without foundation in the evidence".  *Singh*, 840 F.3d at 222; *e.g.*, *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).

Further, the BIA's conclusion that petitioners' evidence of increased violence against women in Honduras did not support application of the changed-country-conditions exception, was not "utterly without foundation in the evidence", given the Government's showing there was persistent violence against women in Honduras prior to petitioners' removal proceedings in 2005 and violence has decreased since 2013.  *Singh*, 840 F.3d at 222–23.  Along that line, our court rejected an identical claim for the same time period for the reasons stated by the BIA.  *Nunez v. Sessions*, 882 F.3d 499, 504–05, 508–09 (5th Cir. 2018) ("A petitioner must show a material rather than a merely incremental change.").

Finally, Escobar's assertion the BIA abused its discretion in failing to separately analyze her motion to reopen is without merit because she failed to present to the BIA any individual grounds for relief.  (Nor does she adequately brief the point here.)

DENIED.