# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2018

Lyle W. Cayce
Clerk

No. 17-60755
Summary Calendar

CHUN LIN YANG,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 645 703

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Chun Lin Yang, a native and citizen of China, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying her third motion to reopen. She argues that the BIA abused its discretion in denying the motion and erred in concluding that she had not demonstrated changed country conditions in China. Yang further argues that the BIA erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in determining that she had not made a showing of prima facie eligibility for relief from removal.

This court has jurisdiction to review the denial of a motion to reopen based on changed country conditions. *See Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). Review is under a highly deferential abuse of discretion standard, and the decision will be upheld as long as it is "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005) (internal quotation marks and citation omitted).

The BIA has the authority to reopen deportation proceedings beyond the 90-day limitation period if the request for relief is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). To establish the requisite changed country conditions, Yang had to present evidence that compared, in a meaningful way, conditions in China in September 2006, when her removal hearing was held, with conditions in May 2017, when she filed her motion to reopen. *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016); *Panjwani*, 401 F.3d at 633.

Neither Yang's motion to reopen nor her petition for review compares, in any meaningful way, the conditions in China at the time of her removal hearing in September 2006 with conditions in May 2017, at the time she sought reopening, with respect to her assertion that she will be punished by China for having used a smuggler to leave the country illegally and for having applied for asylum in the United States. *See Ramos-Lopez*, 823 F.3d at 1026;

No. 17-60755

*Panjwani*, 401 F.3d at 633.  Inasmuch as Yang now seeks to assert explicitly that she will be treated as the equivalent of a political dissident and subjected to mistreatment upon her return as a result, this court lacks jurisdiction to consider the argument.  *See Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

A review of the record confirms that substantial evidence supports the BIA's finding that Yang's evidence did not demonstrate a material change in country conditions in China warranting reopening, and Yang thus fails to show that the BIA's decision was abuse of discretion.  *See Panjawani*, 401 F.3d at 632; *see also Manzano-Garcia,* 413 F.3d at 469.  Because Yang does not show that the BIA abused its discretion in determining that she failed to show materially changed country conditions in China, this court need not examine her remaining arguments challenging the BIA's conclusion that she had not made a prima facie showing of eligibility for relief from removal.  *See Ramos-Lopez*, 823 F.3d at 1026; *Ogbemudia v. INS*, 988 F.2d 595, 601 (5th Cir. 1993).

Accordingly, the petition for review is DENIED.

3