# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60560
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2019

Lyle W. Cayce
Clerk

DENNIS OMAR GUERRA-GUERRA

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 667 429

Before REAVLEY, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Dennis Omar Guerra-Guerra, a native and citizen of El Salvador, failed to appear at his May 26, 2006, removal hearing and was ordered removed from the United States in absentia. In August 2017, Guerra-Guerra, asserting changed country conditions, moved to reopen his removal proceedings in order to file an application for asylum, withholding of removal, and relief under the Convention Against Torture. Guerra-Guerra contended that since he came to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60560

this country, he had become a more devout Catholic, was now involved in working to prevent youth from joining gangs, and he feared persecution by gangs if he were to be returned to his country.  The immigration judge determined that because Guerra-Guerra failed to establish what the country conditions were in El Salvador in 2006 with respect to gangs and religious activism, he failed to show changed country conditions.  The Board of Immigration Appeals (BIA) agreed and dismissed Guerra-Guerra's ensuing appeal.  Guerra-Guerra now petitions this court for review of the BIA's order.

Motions to reopen removal proceedings are "disfavored, and the moving party bears a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549-50 (5th Cir. 2006) (internal quotation marks and citation omitted).  We review the immigration court's denial of Guerra-Guerra's motion to reopen removal proceedings "under a highly deferential abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted).  The BIA abuses its discretion if its decision "is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.* (internal quotation marks and citation omitted)

Guerra-Guerra's argument that he does not face a post-departure bar is inapposite as the immigration court did not apply such a bar.  Although Guerra-Guerra supplied evidence of gang violence toward church members since he left El Salvador, his material did not address country conditions in El Salvador in 2006, such that the BIA's finding that Guerra-Guerra failed to show a material change in country conditions is not without an evidentiary foundation.  *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016); *Lugo-Resendez*, 831 F.3d at 340.  This court lacks jurisdiction to review

No. 18-60560

Guerra-Guerra's challenge to the BIA's refusal to exercise its discretionary, sua sponte authority to reopen his case. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004).

The petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.