# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2021

Lyle W. Cayce
Clerk

No. 20-60258
Summary Calendar

Javier Enrique Guerra Portillo; Mariela Josefina Parra Garcia; Jonas David Guerra Parra; Jeanvier Enmanuel Guerra Parra,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 352 525
BIA No. A087 352 526
BIA No. A087 352 527
BIA No. A087 352 528

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60258

Javier Enrique Guerra Portillo, along with his wife, Mariela Josefina Parra Garcia, and their two children, Jonas David Guerra Parra and Jeanvier Enmanuel Guerra Parra, petition this court for review of the decision of the Board of Immigration Appeals (BIA) denying their second motion to reopen. Guerra Portillo argues the BIA abused its discretion in denying his motion to reopen because the evidence compels the conclusion that the conditions in Venezuela have materially changed since his initial removal proceeding in 2009 and that a person who does not demonstrate support for the government would be materially less safe today than in 2009. In addition, he asserts that the BIA erred in declining to exercise its sua sponte power to reopen his proceedings based on the changed conditions in Venezuela.

We review the denial of a motion to reopen under the "highly deferential abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted). "Under that standard, the BIA's ruling will stand, even if this court concludes it is erroneous, so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016) (internal quotation marks and citation omitted). The court will affirm the BIA's factual findings "unless the evidence 'compels a contrary conclusion.'" *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (citation omitted).

A petitioner may file a motion to reopen beyond the 90-day limitations period if the motion is based on changed country conditions and the petitioner submits "new facts" supported by "material" evidence that was unavailable or undiscoverable at the prior proceeding. 8 C.F.R. § 1003.2(c)(1)-(3); 8 U.S.C. § 1229a(c)(7). To establish changed country conditions, the petitioner must present evidence showing "a meaningful comparison" between conditions in his home country at the time of the

No. 20-60258

motion to reopen and those at the time of the removal hearing. *Nunez*, 882 F.3d at 508. He must also relate the changed conditions to his specific claims. *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).

Guerra Portillo has not shown that the BIA abused its discretion in denying his second motion to reopen. *See Nunez*, 882 F.3d at 508. He presented evidence very similar to that presented in his first motion to reopen; we denied his petition for review of the denial of that motion. *See Guerra Portillo v. Whitaker*, 748 F. App'x 624, 625 (5th Cir. 2019). The BIA found the evidence presented did not demonstrate a material change in the country conditions since his 2009 removal proceedings, and he has not shown that the evidence compels a contrary conclusion. *See Nunez*, 882 F.3d at 505. The evidence he presented did not establish that conditions have materially changed for Jehovah's Witnesses, but rather that they remained subject to the same ongoing, poor conditions as the rest of the Venezuelan population. *See Deep v. Barr*, 967 F.3d 498, 500–03 (5th Cir. 2020). Because the BIA did not abuse its discretion in denying the motion to reopen on the basis that Guerra Portillo did not establish changed country conditions, we need not reach his claims concerning his eligibility for asylum, withholding of removal, and relief under the CAT. *See Ramos-Lopez*, 823 F.3d at 1026.

We lack jurisdiction to review the BIA's refusal to reopen removal proceedings sua sponte because that decision is committed to the agency's discretion. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206-07 (5th Cir. 2017). Further, our precedent on this issue has not been altered by any Supreme Court decision. *See, e.g.*, *Hernandez-Castillo*, 875 F.3d at 206-07 & n.3; *Qorane v. Barr*, 919 F.3d 904, 911-12 (5th Cir. 2019).

Accordingly, the petition is DENIED in part and DISMISSED in part for lack of jurisdiction.