# United States Court of Appeals
# for the Fifth Circuit

No. 20-60932
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2021

Lyle W. Cayce
Clerk

Ernest M. Nsai,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 817 472

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Ernest M. Nsai petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen. Nsai argues that the BIA abused its discretion in denying his motion to reopen because the evidence compels the conclusion that the conditions in his native

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60932

Cameroon have materially changed since his initial removal proceedings in 2019.

We review the denial of a motion to reopen under the "highly deferential abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted). "Under that standard, the BIA's ruling will stand, even if this court concludes it is erroneous, so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016) (internal quotation marks and citation omitted). We will affirm the BIA's factual findings "unless the evidence compels a contrary conclusion." *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (internal quotation marks and citation omitted).

A petitioner may file a motion to reopen beyond the 90-day limitations period if the motion is based on changed country conditions and the petitioner submits "new facts" supported by "material" evidence that was unavailable or undiscoverable at the prior proceeding. 8 C.F.R. § 1003.2(c)(1)-(3); 8 U.S.C. § 1229a(c)(7). To establish changed country conditions, the petitioner must present evidence showing "a meaningful comparison" between conditions in his home country at the time of the motion to reopen and those at the time of the removal hearing. *Nunez*, 882 F.3d at 508. He must also relate the changed conditions to his specific claims. *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).

Nsai has not shown that the BIA abused its discretion in denying his motion to reopen. *See Nunez*, 882 F.3d at 508. Nsai presented evidence similar in character to what he presented in his original removal proceedings, including country reports and news articles detailing government mistreatment of Anglophones in Cameroon. The BIA found that Nsai's

No. 20-60932

evidence in support of his motion to reopen did not demonstrate a material change in the country conditions since his 2019 removal proceedings, and he has not shown that the evidence compels a contrary conclusion. *See id.* at 505. Rather, the evidence shows that Cameroonian Anglophones continue to be subject to the same poor conditions as were ongoing at the time of the 2019 removal proceedings and that any change is incremental or the continuation of a trend. *See id.* at 508-09. An affidavit from Nsai's wife provides additional evidence of ongoing strife but does not compel a conclusion that country conditions have changed. *See id.* Because the BIA did not abuse its discretion in denying the motion to reopen on the basis that Nsai did not establish changed country conditions, we need not reach his claims concerning his eligibility for asylum, withholding of removal, and relief under the Convention Against Torture. *See Ramos-Lopez*, 823 F.3d at 1026.

Accordingly, the petition is DENIED.