# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2022

Lyle W. Cayce
Clerk

No. 21-60103

Carolina Trinidad Vasquez-Rodriguez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 098 882 063

Before Smith, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:*

Petitioner Carolina Vasquez-Rodriguez's brief describes the petitioner as "having been born biologically female and identifying as male." Vasquez-Rodriguez petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying a motion to reopen removal proceedings. Vasquez-Rodriguez moved to reopen on the ground that violence against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60103

persons sharing Vasquez-Rodriguez's self-identification had markedly increased in El Salvador. The immigration judge ("I.J.") rejected that position, and the BIA dismissed the appeal. Because that decision is supported by substantial evidence, we deny the petition for review.

I.

Vasquez-Rodriguez entered the United States illegally in 2005. Shortly afterwards, Border Patrol agents apprehended Vasquez-Rodriguez and issued a Notice to Appear at a removal hearing. But Vasquez-Rodriguez did not appear and so was ordered removed *in absentia*.

In 2019, Vasquez-Rodriguez filed a motion to reopen removal proceedings on account of changed country conditions. The motion claimed that persons sharing petitioner's self-identification are now subject to a significantly greater risk of persecution than they were in 2005. As evidence, the motion presented a series of reports and news articles and the expert opinion of an academic. Those sources note increases in the power of Salvadoran gangs over the preceding decade or so, with a corresponding increase in violence. Much of that violence has been directed toward persons with Vasquez-Rodriguez's self-identification (and the opposite, persons born male who identified as female).

The I.J. denied Vasquez-Rodriguez's motion. The I.J. reasoned that, although petitioner had presented evidence that persons with petitioner's self-identification were threatened with violence in El Salvador, that showing did not mean that the violence had significantly worsened since the issuance of the removal order in 2005. Thus, Vasquez-Rodriguez had not shown a material change in country conditions. The BIA affirmed and adopted the I.J.'s decision, adding only a few paragraphs of its own reasoning.

II.

We apply a "highly deferential abuse-of-discretion standard" to the

BIA's denial of a motion to reopen. *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (per curiam). "So long as the Board's decision is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach, we must affirm." *Id.* (citation and quotation marks omitted) (alterations adopted). Our review extends to the I.J.'s decision if, as it did here, the BIA relies on that decision. *See, e.g.*, *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 204 (5th Cir. 2017).

## III.

Vasquez-Rodriguez presses two theories: First, the BIA abused its discretion by affirming without fuller consideration. Second, the evidence is so overwhelming as to compel the conclusion that the level of violence against persons with Vasquez-Rodriguez's self-identification has materially increased since 2005. We reject both contentions.

Beginning with Vasquez-Rodriguez's first theory, the BIA was not required to provide a lengthy opinion independently of the I.J. As Vasquez-Rodriguez acknowledges, the BIA does not have to issue an opinion at all—the governing regulations allow it to affirm summarily. *See* 8 C.F.R. § 1003.1(e)(4)(ii). The BIA did not invoke that power, instead writing roughly a page explaining its agreement with the I.J. The I.J.'s opinion, whose brevity Vasquez-Rodriguez does not take issue with, is thus part of our review. In addition to adopting it, the BIA also addressed Vasquez-Rodriguez's contentions on appeal that the I.J. had overlooked certain evidence.

For those reasons, the BIA's opinion is more than sufficient to "enable a reviewing court to perceive that [the BIA] has heard and thought and not merely reacted." *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002) (citation omitted). A longer opinion might have been more thorough or persuasive, but the BIA's laconicism presents no reversible abuse of discretion in itself,

and we do not grant the petition on that ground.

Turning to Vasquez-Rodriguez's next theory, the evidence presented with the motion to reopen, while substantial, was not enough to compel the conclusion that country conditions had materially changed. Vasquez-Rodriguez did present various evidence that violence in El Salvador against persons with Vasquez-Rodriguez's self-identification is more prevalent today than it was in 2005. But that showing is not so strong or unambiguous as to render the BIA's decision "utterly without foundation in the evidence." *Nunez*, 882 F.3d at 505 (citation omitted).

Vasquez-Rodriguez compiled a considerable body of exhibits. Among other reports, the United Nations human rights office in 2017 urged the Salvadoran government to protect certain communities, including those containing persons of petitioner's self-identification. In the same year, the *Gay Star News* reported that the murder rates of those communities had "jump[ed] dramatically." Vasquez-Rodriguez also produced an expert report from a professor of Latin American Studies that explained the relevant history and concluded that violence against such communities had risen in El Salvador since 2005. That evidence might well have allowed the BIA to exercise its discretion in favor of Vasquez-Rodriguez.

But the BIA's contrary decision also has a basis in the record. Vasquez-Rodriguez bore a "heavy burden" to provide a meaningful comparison between present conditions and those at the time of the initial removal proceeding. *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016). Yet a State Department report on El Salvador from 2005 noted that discrimination against similarly-identified persons was already "widespread" in that year and reported targeted murders. Other reports presented by Vasquez-Rodriguez suggested that violence against those communities had been ongoing in the country since at least the 1990s. Even the expert report,

though it is on the whole favorable to Vasquez-Rodriguez's position, points to 2003–06 as a key period in which Salvadoran gangs, who perpetrate much of the violence, first became major players.

It is not enough for Vasquez-Rodriguez to show the "continuation of a trend" or "merely incremental change." *Nunez*, 882 F.3d at 508–09. And while "a significant increase in violence" can clear the bar, we must deny in this posture as long as we conclude that "there is some evidentiary foundation for concluding that the increase in violence is incremental but not a material change." *Id.* at 510. And, as explained above, there is some basis for finding that the present violence in El Salvador against persons sharing Vasquez-Rodriguez's self-identification, horrible though it is, is merely an incremental continuation of trends that already existed in 2005. Those violent trends could have been presented at Vasquez-Rodriguez's removal hearing. That finding precludes granting the motion to reopen.

Nor do we agree with Vasquez-Rodriguez that the BIA failed to consider all the evidence presented. Vasquez-Rodriguez's motion included twenty-three exhibits, and neither the I.J. nor the BIA cited all of them in its decisions. But we do not require that the BIA "address evidentiary minutiae," *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996), and exhibits the I.J. does cite make clear her understanding of the case. The I.J. acknowledged evidence claiming that violence had recently increased but contrasted that evidence with indications that the same problems had existed previously. In that context, quoting additional sources about the severity of present violence would have been redundant.

Our job is to ask only whether any shortcomings in the BIA's decision are sufficient to overcome the highly deferential standard of review. Because they are not, the petition for review is DENIED.