# United States Court of Appeals for the Fifth Circuit

---

No. 20-60712
CONSOLIDATED WITH
No. 23-60583

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2024

Lyle W. Cayce
Clerk

PARDEEP KUMAR,

*Petitioner,*

*versus*

MERRICK GARLAND, *U.S. Attorney General,*

*Respondent.*

---

Petitions for Review of Orders
of the Board of Immigration Appeals
Agency Nos. A201 680 166,
A201 680 166

---

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JONES, SOUTHWICK, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.4.

20-60712
c/w No. 23-60583

The United States Supreme Court issued a writ of certiorari to this court, vacated our judgment, and remanded for further proceedings. *Kumar v. Garland*, 143 S. Ct. 2558 (2023). We are to reconsider our prior decision in this case in light of the Court's holding in *Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). In *Santos-Zacaria*, the Court held that the exhaustion requirement in 8 U.S.C. § 1252(d)(1) is not jurisdictional. *Id.* at 419.

We therefore must examine Pradeep Kumar's unexhausted claims that we previously declined to consider because of our conclusion that we lacked jurisdiction under Section 1252(d)(1). We also consider Kumar's new petition for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen based on changed country conditions.

Our initial decision detailed the factual and procedural history of this case, which concerns the BIA's denial of Kumar's applications for asylum, withholding of removal, and Convention Against Torture protection. *See Kumar v. Garland*, 52 F.4th 957, 964–65 (5th Cir. 2022), *vacated*, 143 S. Ct. 2558 (2023). We will limit our discussion to those claims that we previously did not address because we determined they were unexhausted. *Id.* at 966–67, 968–69. That was the only portion of our prior decision that the Supreme Court determined required further consideration.

The first relevant issue is whether the BIA applied an incorrect legal standard to Kumar's claims of past persecution by not considering the "cumulative effect of his experiences." *Id.* at 966. Kumar argues the immigration judge ("IJ") focused on two beatings and subsequent threats he endured in isolation to find that they were "minor," and the BIA erred in affirming without considering the aggregate harm. This argument is meritless. The IJ considered the attacks that Kumar identified and determined "they do not individually *or cumulatively* rise to the level" of past

persecution. The record does "not *compel* a contrary conclusion that the harm endured amounts to persecution." *Id.* at 970 (emphasis in original).

The second issue is whether the BIA erred in applying caselaw that Kumar insists is distinguishable. *Id.* at 967 (citing *Eduard v. Ashcroft*, 379 F.3d 182 (5th Cir. 2004); *Abdel-Masieh v. INS*, 73 F.3d 579 (5th Cir. 1996); *Qorane v. Barr*, 919 F.3d 904 (5th Cir. 2019); *Morales v. Sessions*, 860 F.3d 812 (5th Cir. 2017)). Although we held this issue was unexhausted, we also stated that the claims of past persecution in one of the authorities on which the BIA relied were "similar to Kumar's." *Id.* at 970 (discussing *Abdel-Masieh*, 73 F.3d at 582, 584). The BIA did not err in considering this case. Moreover, we noted that Kumar argued to the BIA that *Eduard* "*was* relevant," and we agree that it was. *Id.* at 967 (emphasis in original). Kumar's attempts to distinguish this case by arguing he was able to identify his assailants is of no help to him because the identity of the assailant in *Eduard* was irrelevant to the *mistreatment* of the petitioner, which we held was insufficient to constitute past persecution. *Eduard*, 379 F.3d at 188. Finally, the BIA did not err in citing *Qorane* and *Morales* for the proposition that "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." That proposition is as true in this case as it was there. *Kumar*, 52 F.4th at 970. Whatever factual distinctions exist between this case and these authorities, we conclude there was no error in the BIA's finding that Kumar's experience was insufficient to amount to persecution.

The third issue is whether the Government bore the burden to prove that Kumar could safely relocate in India because he alleged his persecutors and the Indian government, currently run by the Bharatiya Janata Party ("BJP"), are one and the same. Our earlier decision did consider whether the record demonstrated that the Indian government participated in Kumar's beatings and threats or at least acquiesced in them. *Id.* at 970–71. We found that "[t]he evidence Kumar presented showed only the BJP, not the Indian

government itself, supported or sponsored the attacks against Kumar." *Id.* at 971. That conclusion resolves Kumar's unexhausted burden of proof argument. Kumar bore "the burden of establishing that it would not be reasonable for him . . . to relocate" because he did not establish past persecution or that "the persecution is by a government or is government-sponsored." 8 C.F.R. § 1208.13(b)(3)(i).

The fourth and last issue that remains from our prior decision is whether the BIA gave meaningful consideration to Kumar's affidavits that "his fellow [Indian National Lok Dahl Party ('INDP')] workers were attacked upon return to India, or to his January 31, 2020, medical evaluation." *Kumar*, 52 F.4th at 969. We considered the January 31 medical evaluation, however, and concluded it "largely describes Kumar's medical status as it relates to his hunger strike," not "the extent of his persecution from the BJP." *Id.* at 972, 974. We also held that the BIA did not abuse its discretion in refusing to remand the case based on this medical evaluation and the affidavits of attacks on INDP workers because it was reasonable to conclude this evidence "would not have influenced [Kumar's] case." *Id.* at 973–74. Thus, even assuming *arguendo* the BIA's consideration was insufficient, there was no reversible error. *See id.*

The foregoing resolves the matters remanded to us from the Supreme Court. We now consider the BIA's denial of Kumar's motion to reopen based on changed country conditions in India.[1] In his motion to reopen, Kumar argued he had new evidence of the ruling BJP's "increasing authoritarianism and crackdown" on farmers' protests in 2020 and 2021. He

---

[1] Kumar filed the motion to reopen in November 2022. After the motion was denied in October 2023, Kumar petitioned for review. On the Government's unopposed motion, we consolidated Kumar's new petition with his original petition regarding the underlying order of removal. 8 U.S.C. § 1252(b)(6).

introduced an expert report explaining the Indian government's actions against farmers' protesters, religious minorities, and journalists since the IJ's initial 2019 decision in this case. In addition, Kumar submitted affidavits regarding BJP attacks on Kumar's family and other INLD workers and Kumar's January 31, 2020, medical evaluation, which appear to be the same information he attempted to introduce to the BIA during his first appeal.

In denying his motion, the BIA concluded Kumar's new evidence did not show changed country conditions sufficient to warrant reopening, but instead showed "a continuation of a trend." The BIA also faulted Kumar for failing to "meaningfully compar[e] conditions as they existed at the time of [Kumar's] final hearing in November 2019 and as they currently exist." Thus, the BIA took administrative notice of 2019 country reports, which "similarly describe violence against protesters," religious minorities, and journalists attributed to BJP members.

Before us, Kumar argues the BIA abused its discretion by failing to give meaningful consideration to his new evidence or to evidence already existing in the record. Specifically, Kumar highlights his status as a wheat farmer who advocates on behalf of farmers' rights and argues the BIA failed to consider the BJP's treatment of farmers' protests in 2020 and 2021. Kumar contends this evidence, as well as the evidence of BJP threats and attacks against his family after the IJ's proceedings in 2019, demonstrates Kumar is "highly vulnerable" to future persecution and torture.

We review the BIA's denial of a motion to reopen based on changed country conditions for abuse of discretion. *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016). Kumar's own expert report explains that "[s]ince coming to power in 2014," and especially "[l]eading up to the 2019 parliamentary elections, the BJP's persecution of political opponents was rampant." As the BIA concluded, this shows a "continuation of a trend,"

which is "insufficient to show changed country conditions." *Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018). Indeed, Kumar's expert report considered the BJP's actions against him "as part of a larger trend."

Although Kumar points to specific mistreatment of protesting farmers in 2020 and 2021, "individual incidents, without evidence that they are part of a *larger material change*, do not constitute changed country conditions." *Id.* at 509 (emphasis added). Kumar fails to explain how the BJP's actions during these protests, or against his family members and other INDP supporters, are part of a "larger material change" from the conditions during his original removal proceedings. *Id.* Another panel of this court reached the same conclusion on very similar factual allegations. *See Singh v. Garland*, No. 23-60217, 2023 WL 8598138, at *1–2 (5th Cir. Dec. 12, 2023). Accordingly, the BIA did not abuse its discretion. *See id.* at *1.

PETITIONS DENIED.