# United States Court of Appeals for the Fifth Circuit

————————

No. 25-60471
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2026

Lyle W. Cayce
Clerk

Sohilbhai Shaukatali Momin,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 598 246

————————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Sohilbhai Shaukatali Momin, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen based on changed country conditions on the grounds that it was untimely and that he failed to make a prima facie showing that he was eligible for the relief sought. Momin's motion to reopen did not meet

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the 90-day filing deadline and was therefore untimely unless it met the exception for changed country conditions. *See Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018); 8 U.S.C. § 1229a(c)(7)(A), (C)(ii); 8 C.F.R. § 1003.2(c)(2), (3)(ii).

Momin's brief fails to meaningfully address the BIA's conclusion that he failed to show a material change in country conditions because his new evidence showed at most incremental changes with respect to the increase in violence and discrimination against Muslims when compared with the evidence adduced in his original asylum and withholding proceedings. *See Nunez*, 882 F.3d at 508. In particular, Momin fails to address the BIA's reliance on BIA and Fifth Circuit precedent addressing incremental change. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). In fact, Momin cites no legal authority in support his argument that the BIA erred in concluding that he failed to establish a material change in country conditions. *See Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023). Momin also fails to meaningfully compare the conditions existing at the time of his original immigration proceedings with those at the time of his 2024 motion to reopen. *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016). He has thus failed to show that he presented evidence of a material change in country conditions, *see Soadjede*, 324 F.3d at 833, and the BIA did not abuse its discretion in denying Momin's motion to reopen on the ground that it was untimely, *see Nunez*, 882 F.3d at 508; 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Because the BIA did not err in determining that Momin's motion to reopen was untimely, this court need not consider his challenge to the BIA's determination that he did not establish prima facie eligibility for the relief he

No. 25-60471

sought. *See Munoz-De Zelaya*, 80 F.4th 689, 693-94 (5th Cir. 2023); *Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994).

The petition for review is DENIED.