# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60725
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2016

Lyle W. Cayce
Clerk

MARICELA ESCALANTE-ALVAREZ,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 974 638

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.
PER CURIAM:[*]

Maricela Escalante-Alvarez, a native and citizen of Honduras, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her motion to reopen her in absentia removal proceedings. We review the denial of such motions under a highly deferential abuse-of-discretion standard and will uphold the decision of the BIA unless it is capricious, without foundation in the evidence, or otherwise so

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

irrational that it is arbitrary rather than the result of any perceptible rational approach. *See Panjwani v. Gonzales,* 401 F.3d 626, 632 (5th Cir. 2005); *Zhao v. Gonzales,* 404 F.3d 295, 304 (5th Cir. 2005). Motions to reopen are disfavored, and we have held that the moving party "bears a heavy burden." *Altamirano-Lopez v. Gonzales,* 435 F.3d 547, 549 (5th Cir. 2006) (internal quotation marks and citation omitted).

Escalante-Alvarez asserts that the BIA abused its discretion in refusing to reopen the removal proceedings on account of changed country conditions in Honduras. *See* 8 C.F.R. § 1003.2(c)(3)(ii). She argues that she presented evidence showing that violence against women in Honduras, particularly murder, has increased dramatically. However, the evidence presented reflects that violence against women has been, and remains, an ongoing problem in Honduras. In addition, Escalante-Alvarez failed to compare in any meaningful way the conditions in Honduras at the time of her 2002 removal hearing and her 2013 motion to reopen. Thus, we conclude that the BIA did not abuse its discretion because its decision was not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary. *See Zhao,* 404 F.3d at 304. Finally, Escalante-Alvarez argues that the BIA erred by failing to consider her eligibility for asylum, withholding of removal, and CAT relief; however, the BIA was not required to consider these other issues in light of its conclusion on her motion to reopen.

Accordingly, the petition for review is DENIED.