# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2020

Lyle W. Cayce
Clerk

No. 19-60391

PAR DEEP,

      Petitioner,

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

      Respondent.

Petition for Review of the Orders of the
Board of Immigration Appeals
BIA No. 208 542 644

Before DENNIS, ELROD, and COSTA, Circuit Judges.

PER CURIAM:

Par Deep is a native and citizen of India who entered the United States illegally in 2015. Deep failed to appear for his removal proceeding and the immigration judge ordered Deep removed *in absentia*. Deep now seeks to reopen his removal proceeding for the second time. The Board of Immigration Appeals (BIA) determined that he failed to establish the materially changed country conditions necessary to succeed on a successive motion to reopen. We agree and DENY Deep's petition for review.

No. 19-60391

I.

Deep is a native and citizen of India. He illegally entered the United States on October 6, 2015. He was immediately apprehended and detained by DHS. While detained, Deep expressed a fear of returning to India and an asylum officer conducted a credible fear interview. DHS determined that Deep established credible fear of persecution in India. On November 11, 2015, DHS served Deep with a notice to appear charging him with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Following the proceedings on his custody status, DHS released Deep on bond and sent him a notice that he was to appear for a hearing on December 7, 2016. Deep failed to appear for this hearing and the Immigration Judge (IJ) ordered him removed *in absentia*.

On January 17, 2017, Deep filed a motion to reopen his removal proceedings. He sought reopening based on lack of notice of the December 7, 2016 hearing, exceptional circumstances preventing his appearance, and a desire to apply for asylum and related protection from removal. The IJ denied Deep's motion because Deep failed to show that he had not received proper notice of hearing, failed to demonstrate exceptional circumstances for his failure to appear, and failed to submit an application for relief and protection from removal. Deep did not appeal the IJ's denial to the BIA.

On July 24, 2018, Deep filed a second motion to reopen his removal proceedings. In this motion, Deep sought reopening to apply for asylum, withholding of removal under the Immigration and Nationality Act (INA), and protection under the regulations implementing the United States' obligations under the Convention Against Torture (CAT). As this was Deep's second motion to reopen and it was filed more than 90 days after the removal order, it was both time-barred and barred as a successive motion. To overcome these hurdles, Deep argued that there was a changed country condition warranting reopening his removal order.

No. 19-60391

Deep, who was born into the Chamar caste which is known as Dalit or the untouchable caste in India, argues that the persecution and attacks on the Dalit caste have worsened since he left India. He further alleges that as an untouchable, the police will not protect him or his rights.

The IJ denied Deep's motion to reopen. The IJ determined that Deep failed to carry his "heavy burden" to demonstrate the requisite "material change in country conditions in India since his December 7, 2016 removal order." Deep then filed an appeal with the BIA. The BIA agreed with the IJ's conclusion that Deep failed to establish a material change in country conditions and dismissed Deep's appeal. This timely petition for review follows.

II.

In his petition for review, Deep argues that the agency abused its discretion in denying his motion to reopen because it erroneously concluded that he had not demonstrated materially changed country conditions. We review the denial of a motion to reopen for an abuse of discretion. *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). Under this standard, we will not disturb the agency's denial of reopening unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303–04 (5th Cir. 2005)). In addition to reviewing the BIA's decision, we also review the IJ's decision if that decision influenced the BIA's decision. *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018).

An alien may generally file only one motion to reopen his removal proceeding and that motion must be filed within 90 days of the final order of removal the party seeks to reopen. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.23(b)(1); 8 C.F.R. § 1003.2(c)(2). When an alien fails to meet the time

No. 19-60391

or number limitations that exist, certain exceptions allow for a successive motion to reopen. Relevant here, if an alien is seeking asylum and related protection from removal the proceeding can be reopened if the motion "is based on changed country conditions arising in . . . the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

Because Deep had previously filed a motion to reopen and the filing occurred more than 90 days after the removal order was entered, he is required to demonstrate a changed country condition. While he contends that the violence against his caste in India has worsened, the IJ and BIA concluded that Deep did not demonstrate a changed country condition. Deep makes three arguments challenging this conclusion.

A.

First, Deep argues that the agency applied the incorrect test. He explains that the agency "compare[d] the evidence of country conditions that existed at the time of [Deep's December 7, 2016] removal order with evidence of county conditions in existence thereafter." Deep argues that instead the agency was required to compare "post December 7, 2016 evidence along with pre December 7, 2016 evidence against pre December 7, 2016 evidence."

This court has said an alien must "mak[e] a meaningful comparison between the conditions at the time of [his] removal hearing and the conditions at the time [he] filed h[is] motion to reopen." *Nunez*, 882 F.3d at 508. And that is the standard both the IJ and the BIA applied.

After citing the legal standard articulated in *Nunez*, the IJ reviewed the evidence and concluded Deep's motion "has not shown that there has been a material change in country conditions in India since the date of his removal order." The BIA said: "While we recognize that violence against lower caste

4

members remains a serious concern in India, [Deep] has not met his burden to show a meaningful material change, as opposed to a continuation, of overall violent conditions experienced by lower caste members, which were ongoing at the time of his removal hearing in 2016."

The test for a changed country condition has been consistently applied as the BIA and IJ applied it here. *See, e.g.*, *Nunez*, 882 F.3d at 508; *Granados-Guevaras v. Sessions*, 741 F.App'x 982, 987–88 (5th Cir. 2018) (requiring meaningful comparison between conditions at time of removal hearing and conditions at time of filing motion to reopen); *Singh*, 840 F.3d at 222–23 (comparing conditions at time of motion with conditions at time of removal order); *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026–27 (5th Cir. 2016) (holding that alien did not compare "in any meaningful way, the conditions existing when she filed her motion to reopen in 2013 with those at the time of her 1998 removal hearing"). Thus, the agency did not abuse its discretion.

## B.

Second, Deep argues that the BIA erred because it did not consider an increase in violence a changed country condition. Deep argues that since his removal order was issued, conditions for the Dalit caste have worsened. He claims the violence against Dalits is "on the rise" and "[t]he police not only do not protect Dalits from being persecuted and abused by the upper-caste, they are also involved in the violation of and abuse of Dalits['s] human rights."

In *Nunez*, we addressed an argument regarding worsening country conditions based on an increase in violence towards women in Honduras. *Nunez*, 882 F.3d at 508–09. We explained: "We do not hold today that a significant increase in violence . . . can never constitute a change in country conditions justifying waiver of the deadline for reopening." *Id.* at 510. *Nunez* instead

h[eld] only that when as here, there is some evidentiary foundation for concluding that the increase in violence is incremental but not a material change, the immigration judge and BIA did not abuse their discretion in denying reopening. Reasonable minds may disagree over whether an increase in violence of a certain degree over a certain number of years counts as a material change in the condition of a country. Reasonable disagreement, however, is not our standard. We must ask whether the BIA's conclusion, in adopting the immigration judge's determinations, is 'utterly without foundation in the evidence.'

*Id.* at 510 (quoting *Singh*, 436 F.3d at 487).

Here, Deep's evidence demonstrated that violence against his caste had been going on long before his 2016 removal order. The BIA reviewed Deep's contention that the violence had worsened. It then cited the *Nunez* standard and concluded that incremental worsening of an existing condition does not constitute a changed country condition for the purpose of reopening a removal order. It concluded, like the IJ did, that Deep had showed a "persistent problem" in India, but not a materially changed condition.

The BIA's actions in this case are consistent with numerous other cases in which the agency found that an alien failed to establish changed country conditions because the evidence showed a continuation or incremental change. We have affirmed these conclusions repeatedly. *Nunez*, 882 F.3d at 508–10; *Singh*, 840 F.3d at 222–23; *Granados-Guevaras v. Sessions*, 741 F. App'x 982, 987 (5th Cir. 2018); *Escalante-Alvarez v. Lynch*, 654 F. App'x 167, 168 (5th Cir. 2016); *Ramos v. Lynch*, 622 F. App'x 432, 433 (5th Cir. 2015); *Hossain v. Lynch*, 603 F. App'x 345, 346–47 (5th Cir. 2015); *Himani v. Mukasey*, 305 F. App'x 229, 231 (5th Cir. 2008). The BIA did not abuse its discretion in applying the same standard here.

## C.

Deep's third and final argument is that the "agency failed to take into account probative evidence in determining whether there w[ere] 'changed

country conditions' thereby commit[ing] a legal error." As evidence of the worsening conditions in India, Deep attached articles from April 2018, October 2017, May 2016, and 1999. He argues that the articles, specifically those from October 2017 and April 2018—after his removal order was issued—were overlooked because they were not refenced in the IJ's opinion that was adopted by the BIA. He expressed particular concern about the BIA and IJ's lack of discussion about an April 2018 article that discusses a recent decision by the India Supreme Court barring the immediate arrest of those who discriminate against the Dalit caste.[1]

However, an agency is not required to "write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004). Both the IJ and the BIA mention review of the evidence in their opinions. Deep's assertion that they did not consider this evidence because they did not specifically cite certain articles he submitted cannot overcome the presumption of regularity. *See Nicholson v. Brown*, 599 F.2d 639, 649 (5th Cir. 1979) ("Administrative action . . . comes before the courts clothed with a presumption of regularity.").

Deep, therefore, cannot establish the agency abused its discretion by failing to consider his evidence of a changed country condition.

---

[1] The Government asks that we take judicial notice of a 2019 decision of the India Supreme Court that alters this ruling. However, the Government raised this point for the first time at oral argument and did not provided the court with a case name or citation. As the Government was aware of this development prior to oral argument, it should have presented this information in a letter to the court pursuant to Federal Rule of Appellate Procedure 28(j). The Government has not provided the court with any additional information on this development through a 28(j) letter since oral argument. We therefore do not consider this information in our decision.

No. 19-60391

III.

For the foregoing reasons, we DENY Mr. Deep's petition for review.