# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2021

Lyle W. Cayce
Clerk

No. 20-60005
Summary Calendar

---

Nohemy Blanco-Reyes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 289 137

---

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Nohemy Blanco-Reyes, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals (BIA) denying her motion to reopen her removal proceedings, filed more than three years after removal was ordered. She contends that the BIA erred in denying her

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60005

motion to reopen as untimely because she failed to demonstrate a material change in country conditions.

"A motion to reopen is a form of procedural relief that asks the [BIA] to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 339 (5th Cir. 2016) (internal quotation marks, alteration, and citation omitted). Such motions are disfavored, and denials are reviewed only for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992). This court must affirm the BIA's decision unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Cruz v. Barr*, 929 F.3d 304, 308 (5th Cir. 2019) (internal quotation marks and citation omitted).

Ordinarily, an alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). An exception is that there are no time limits on filing a motion to reopen if the reason for the motion is to apply for asylum, withholding of removal, or relief under the Convention Against Torture and the motion "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii).

To the extent that Blanco-Reyes asserts that she demonstrated a material change in country conditions by presenting evidence of escalating violence, particularly against women, she fails to point to any record evidence supporting the argument that conditions have materially changed since her original removal proceedings in 2014. *See Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018); *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016). We have upheld the denial of motions to reopen where the evidence

No. 20-60005

of changed conditions shows only a continuance of ongoing violence or an incremental increase rather than a substantial deterioration in the alien's home country. *See Deep v. Barr,* 967 F.3d 498, 501-02 (5th Cir. 2020); *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016); *Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018).

Because Blanco-Reyes presented evidence of only continuing gang violence and violence against women, she cannot demonstrate that the BIA abused its discretion in denying her motion to reopen. *See Cruz*, 929 F.3d at 308. Accordingly, the petition for review is DENIED.