# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 30, 2021

Lyle W. Cayce
Clerk

No. 19-60903
Summary Calendar

Pablo Sosa Pedro,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 916 944

Before Smith, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:*

Pablo Sosa Pedro, a native and citizen of Cuba, petitions this court for review of a decision of the Board of Immigration Appeals (BIA). He challenges the adverse credibility determination against him and contends that the BIA erred in dismissing his appeal from the denial of asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60903

withholding of removal, and relief under the Convention Against Torture (CAT).

We generally review only the BIA's decision but will consider the underlying decision of the immigration judge (IJ) to the extent the BIA relied upon it, as was the case here. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Questions of law are reviewed de novo, and factual findings are reviewed for substantial evidence. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). To prevail under the substantial evidence standard, a petitioner must show "that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* (internal quotation marks and citation omitted). An adverse credibility determination is conclusive "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 767 (internal quotation marks and citation omitted).

Sosa Pedro disputes findings that his testimony was inconsistent with other evidence in the record regarding when his problems with the Cuban government began; his disclosure of travels outside of Cuba and explanation of why he did not seek asylum in those places; his account of a September 2018 incident with police; and whether he believed that he would be harmed in Cuba because of his race. On these points, Sosa Pedro's arguments rely on a construction of the evidence that is not compelled by the record.

A reasonable factfinder could interpret Sosa Pedro's credible fear interview (CFI) and court testimony as being inconsistent regarding when his problems with the Cuban government started. Although his court testimony indicated that his problems began in about 2017 with his opposition to an abortion policy, he indicated in his CFI that his problems began when his sister left Cuba in 2009. Similarly, a reasonable factfinder could find that his decision to return to Cuba to seek a work visa, rather than apply for asylum

2

in Europe, was inconsistent with his testimony that he previously left for Europe because he feared for his life. With respect to Sosa Pedro's September 2018 incident with police, he testified in court that the beating caused him to urinate blood and seek an ultrasound, but he indicated in his CFI that he merely suffered "minor" injuries in the incident. His testimony and CFI responses also conflicted regarding whether he believed he would be harmed in Cuba because of his race, and, contrary to his assertion, the record does not compel a finding that he was credible in testifying that the question asked in the CFI actually was whether he had been persecuted "by" his race. Indeed, the IJ found that the CFI was clear, and Sosa Pedro has not pointed to anything in the record that would compel a conclusion that there was confusion or a problem with communication or that the CFI notes are unreliable. *See Avelar-Oliva*, 954 F.3d at 764–65, 768. Under the totality of the circumstances, the inconsistencies relied upon by the IJ and BIA present sufficient grounds for a reasonable factfinder to make an adverse credibility ruling. *See id.* at 767–69. This issue lacks merit.

Sosa Pedro's challenge to the merits of the denial of asylum and withholding of removal is also unavailing. He has not shown that he provided evidence independent of his noncredible testimony that satisfies his burden of proof for those forms of relief. To the contrary, the record supports the BIA's determination that absent credible testimony, Sosa Pedro failed to meet his burden of proof. *See Avelar-Oliva*, 954 F.3d at 772; *Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005). As noted in the IJ's decision, the witness statements submitted by Sosa Pedro "do not corroborate [his] claims and in certain circumstances are deeply flawed." And as the BIA noted, the background evidence that Sosa Pedro provided "is of a general character[] and does not relate to [him] specifically." In sum, the BIA's decision adequately conveys its reasons for upholding the denial of asylum and withholding of removal and reflects that it considered the issues

3

presented relating to those claims, including Sosa Pedro's documentary evidence. *See Deep v. Barr*, 967 F.3d 498, 503 (5th Cir. 2020); *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019).

A claim under the CAT is analytically separate from asylum and withholding of removal, but the BIA also adequately conveyed its reasons for upholding the denial of CAT relief. *See Efe v. Ashcroft*, 293 F.3d 899, 906–08 (5th Cir. 2002). The adverse credibility determination encompassed Sosa Pedro's testimony about being beaten and thus goes directly to whether he would be tortured in Cuba. The BIA therefore was permitted to decide his CAT claim based on the adverse credibility ruling. *See id.* at 907–08.

Lastly, we lack jurisdiction to consider Sosa Pedro's argument that his due process rights were violated because the IJ did not require the asylum officer who conducted the CFI to appear as a witness. *See* 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 136–37 (5th Cir. 2004). The argument is unexhausted and jurisdictionally barred because Sosa Pedro did not present it to the BIA. *See* § 1252(d)(1); *Roy*, 389 F.3d at 136–37.

Based on the foregoing, the petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.