# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2022

Lyle W. Cayce
Clerk

No. 20-61031
Summary Calendar

Elvia Zuniga Munoz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 940 237

Before King, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

Elvia Zuniga Munoz, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of the immigration judge (IJ) denying her motion to reopen removal proceedings. Munoz argues on appeal that the BIA

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61031

incorrectly determined that (1) her motion was untimely and (2) she failed to set forth a claim for ineffective assistance of counsel.

We review denials of motions to reopen removal proceedings "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). "Motions for reopening of immigration proceedings are disfavored[.]" *INS v. Doherty*, 502 U.S. 314, 323 (1992); *see also Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549–50 (5th Cir. 2006).

First we address Munoz's timeliness argument. "A motion to reopen must be filed within 90 days of the date of entry of a final administrative order[.]" 8 C.F.R. § 1003.23(b)(1); *see Deep v. Barr*, 967 F.3d 498, 500 (5th Cir. 2020). On September 25, 2019, the IJ issued a final administrative order in Munoz's case.  This order granted pre-conclusion voluntary departure but advised that "if [Munoz] files a motion to reopen . . . during the voluntary departure period, . . . the grant of voluntary departure will be terminated automatically, [and] the alternate order of removal will take effect immediately." Munoz had ninety days (i.e., until December 24, 2019) to file her motion to reopen. She first filed her motion to reopen on December 16, 2019. That filing was rejected on January 7, 2020, for failure to file a Notice of Entry of Appearance (Form EOIR-28) with the motion.

On appeal, to argue that the filing was timely under law, Munoz relies on only the Immigration Court Practice Manual's directive that attorneys use "due diligence" in promptly correcting rejected filings. But Munoz cites no law for the proposition that the Practice Manual alters the 90-day requirement set forth in 8 C.F.R. § 1003.23(b)(1), and we see no reason to so find.[1]

---

[1] Notably, Munoz does not raise an argument that the 90-day time limit was tolled. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues

No. 20-61031

Munoz also appeals the BIA's determination that she did "not set forth a claim for ineffective assistance of counsel." There are "three procedural requirements for supporting a claim of ineffective assistance of counsel as a basis for reopening." *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Specifically, a motion to reopen on this basis is required to contain an affidavit from the alien that sets forth the relevant facts, including:

> [1)] the agreement with counsel regarding the alien's representation; 2) evidence that counsel was informed of the allegations and allowed to respond, including any response; and 3) an indication that, assuming that a violation of "ethical or legal responsibilities" was claimed, a complaint has been lodged with the relevant disciplinary authorities, or an adequate explanation for the failure to file such a complaint.

*Id.* Munoz's affidavit, in relevant part, contains only: "My attorney never provided an opportunity for a consultation, nor advised of relief opportunities provided in the immigration law." Accordingly, the BIA did not abuse its discretion in finding that Munoz has not properly set forth a claim for ineffective assistance of counsel.

The petition for review is DENIED.

---

not raised and argued in its initial brief on appeal."). Instead, Munoz admits that, although she filed her first motion eight days before the December 24 deadline, she filed her second motion fourteen days after the filing was rejected.