# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2022

Lyle W. Cayce
Clerk

No. 20-60334
Summary Calendar

Jhomni Edemir Medina-Rodriguez; Rosa Angelina Abarca-De Medina; Jhomni Belarmino Medina-Abarca,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 285 259
Agency No. A209 285 260
Agency No. A209 285 724

---

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Jhomni Edemir Medina-Rodriguez petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

immigration court's decision denying Medina-Rodriguez's, his wife's, and his son's applications for asylum, withholding of removal, and relief under the Convention Against Torture.

We review the BIA's decision under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the decision of the immigration judge (IJ) only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Medina-Rodriguez challenges only the BIA's conclusion that he failed to show a well-founded fear of future persecution for purposes of asylum. Contrary to Medina-Rodriguez's contentions, the IJ in this matter found that he adduced no evidence that gang members had attempted to physically harm him as an active-duty police officer, or his family, despite threats over the years before the family left El Salvador, or that they would be "any more motivated to harm him as an unarmed former police officer" in the future. On review, the BIA found no clear error in the IJ's fact findings and adopted the IJ's conclusion regarding future persecution. Thus, the BIA did not review the IJ's fact findings de novo, provide an "entirely different" rationale for its decision, or "displac[e]" the IJ's factual findings, as Medina-Rodriguez contends.

The agency supported its determination regarding whether Medina-Rodriguez showed a well-founded fear of future persecution with "specific and cogent reasons derived from the record," *see Zhang*, 432 F.3d at 344, and consideration of the record as a whole does not show that "no reasonable factfinder" could make such a determination, *see Singh*, 880 F.3d at 225 (internal quotation marks and citation omitted); *Chen v. Gonzales*, 470 F.3d 1131, 1135 (5th Cir. 2006). The BIA was not required to "write an exegesis on every contention," *Deep v. Barr*, 967 F.3d 498, 503 (5th Cir. 2020)

(internal quotation marks and citation omitted), and, as the agency's determination that Medina-Rodriguez failed to show a nexus between the feared persecution and a protected ground was dispositive, the agency was "not required to make findings" as to issues which were unnecessary to the results. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). We likewise decline to address Medina-Rodriguez's other challenges to the agency's asylum decision in light of his failure to show a well-founded fear of future persecution. *See id.*; *Chen*, 470 F.3d at 1135.

The petition for review is DENIED and the motion for a stay of removal is DISMISSED as moot.