# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2022

Lyle W. Cayce
Clerk

No. 21-60114

Gladys Besi Mbonifor,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 102 689

Before Higginbotham, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

　　Gladys Besi Mbonifor, a native and citizen of Cameroon, petitions this court for review of the decision of the Board of Immigration Appeals (BIA), denying her motion to reopen removal proceedings. She argues that the BIA's decision to deny her motion to reopen, in which she contended that she established changed country conditions in Cameroon since her original

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

order of removal in 2013, was arbitrary and unsupported by the record. Mbonifor, who identifies as an Anglophone, submitted a number of reports, articles, and anecdotes concerning civil unrest between Anglophones and Francophones in Cameroon between 2016 and 2018 as evidence of changed country conditions. Mbonifor does not offer a comparison between this evidence and country conditions in Cameroon in 2013. Instead, Mbonifor contends that the record from her initial proceeding contains hundreds of pages of evidence documenting Cameroon's peaceful conditions in 2013, which the BIA could review to determine that Cameroon's country conditions have changed.

We review "the BIA's denial of a motion to reopen or to reconsider under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). We review the BIA's rulings of law de novo and its findings of fact for substantial evidence. *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

An alien is not bound by the 90-day time limitation for filing a motion to reopen removal proceedings when the motion to reopen requests asylum, withholding of removal, or protection under the Convention Against Torture (CAT), and it "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018). "[A] petitioner bears a heavy burden to show changed country conditions for purposes of reopening removal proceedings." *Nunez*, 882 F.3d at 508. In order to show changed country conditions, a petitioner must make "a meaningful comparison between the conditions at the time of the removal hearing and the conditions at the time the alien filed her motion to reopen." *Id.*

No. 21-60114

In her motion to reopen, Mbonifor does not make any comparison between the conditions in Cameroon in 2013 and the conditions in Cameroon at the time she filed her motion to reopen. Instead, she focuses solely on the conditions in Cameroon since 2016. Likewise, the evidentiary material she provided only addresses country conditions between 2016 and 2018. Accordingly, she failed to adequately demonstrate the changed country conditions for purposes of reopening her removal proceedings, and thus, the BIA did not abuse its discretion. *See Nunez*, 882 F.3d at 508-09; *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016). We therefore need not consider Mbonifor's claims regarding her eligibility for asylum, withholding of removal, or protection under CAT. *See Ramos-Lopez*, 823 F.3d at 1026. Finally, the BIA's consideration of Mbonifor's exhibits, as well as its analysis and subsequent determination, were sufficient for the purposes of disposing of her claim of changed country conditions. *See Roy v. Ashcroft*, 389 F.3d 132, 139-40 (5th Cir. 2004); *see also Deep v. Barr*, 967 F.3d 498, 503 (5th Cir. 2020).

Mbonifor's petition for review is DENIED.