# United States Court of Appeals for the Fifth Circuit

---

No. 22-60536
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2023

Lyle W. Cayce
Clerk

HAROUT GEVORGYAN,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 668 605

---

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Harout Gevorgyan, a native and citizen of Azerbaijan, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen based on changed country conditions.

"This [c]ourt reviews the denial of a motion to reopen under a highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-60536

F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted). The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.*

The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The substantial evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Orellana-Monson*, 685 F.3d at 518.

Gevorgyan argues that he has shown materially changed conditions in Azerbaijan pertaining to the treatment of Christian Armenians and that the BIA erred in denying his motion to reopen. He points to country conditions evidence showing that Azerbaijan and Armenia are actively engaged in war and that Armenians are being subjected to discrimination, ethnic cleansing, and torture. He claims that these "key facts" were not present at the time of his 2018 removal hearing.

A comparison of the country conditions evidence from the time of Gevorgyan's removal hearing in 2018 and his 2021 motion to reopen—the relevant time period—reflects a continuation of the violence against ethnic Armenians in Azerbaijan. *See Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018). Neither a continuing trend nor an incremental change is sufficient to show changed country conditions. *Id.* at 508–09.

Gevorgyan also faults the BIA for focusing on the persistence of "anti-Armenian prejudice" in Azerbaijan rather than on the escalation in violence since his 2018 removal hearing, in finding that he had failed to show changed

country conditions.  A review of the BIA's decision, however, reveals that the BIA considered evidence of both past and present violence as well as discrimination against ethnic Armenians and did not focus solely on anti-Armenian sentiment.

Because the country evidence reflects a continuation of the volatile conditions faced by ethnic Armenians in Azerbaijan, which have existed for decades, the BIA reasonably found that Gevorgyan had failed to show materially changed country conditions that would warrant reopening.[1] *See Deep v. Barr*, 967 F.3d 498, 502 (5th Cir. 2020) (affirming BIA's denial of a motion to reopen where evidence showed a "persistent problem" with violence against the petitioner's caste in India rather than a materially changed condition).  As such, the BIA did not abuse its discretion in denying Gevorgyan's motion to reopen the removal proceedings.[2]  *See Barrios-Cantarero*, 772 F.3d at 1021.

---

[1] Because the BIA's finding of no changed country conditions is dispositive, this court need not consider Gevorgyan's other challenges to the BIA's denial of reopening. "As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

[2] To the extent that Gevorgyan relies on events that occurred after the BIA's decision denying reopening to argue that he has shown changed country conditions, this court may not consider such events because they were not considered by the BIA in reaching its decision. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T[he court of appeals shall decide the petition only on the administrative record on which the order of removal is based."); *see also Ramchandani v. Gonzales*, 434 F.3d 337, 339 n.1 (5th Cir. 2005) (declining to consider new evidence that "was not produced to the IJ or the BIA and [was] not in the record).