# United States Court of Appeals for the Fifth Circuit

———————

No. 23-60217
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2023

Lyle W. Cayce
Clerk

Gaganpreet Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 937 309

————————————————————

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Gaganpreet Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen. He challenges the BIA's determination that the motion failed to show a material change in country conditions in India. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60217

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018). Under that standard, we will not disturb the BIA's denial of reopening unless the decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted). The BIA's factual findings are reviewed under the substantial evidence standard, which means that we will not reverse the factual findings "unless the evidence compels a contrary conclusion." *Id.* (internal quotation marks and citation omitted). Constitutional claims and questions of law are reviewed de novo. *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019).

"Showing changed country conditions requires making a meaningful comparison between the conditions at the time of the removal hearing and the conditions at the time the alien filed [his] motion to reopen." *Id.* at 508. The evidence must demonstrate more than "the continuation of a trend" or "incremental change." *Id.* at 508-09.

Singh argues that he demonstrated a material change in country conditions based on four developments: (1) the reelection of Prime Minister Narendra Modi in the national elections of May 2019 and the victory of the Bharatiya Janata Party (BJP) in that election; (2) the targeting of Singh's father, who was the village lambardar, after his father reported a violation by a villager who was a Hindu member of the BJP; (3) the harassment of Singh's family for his father's participation in protests of agricultural laws enacted in India in 2020; and (4) the rise of Hindu nationalism since Prime Minister Modi's reelection.

The evidence Singh provided in support of reopening does not show a material change in country conditions in India compared to the time of the

No. 23-60217

August 2017 hearing on the merits of his application for relief. At most, the evidence shows "the continuation of a trend" or "incremental change." *Nunez*, 882 F.3d at 508-09. Thus, the BIA did not abuse its discretion in determining that he failed to make the requisite showing of changed country conditions. *See id.* at 508-10; *Deep v. Barr*, 967 F.3d 498, 502 (5th Cir. 2020); *Singh v. Lynch*, 840 F.3d 220, 222 (5th Cir. 2016).

Singh also argues that the BIA violated his right to due process because the BIA failed to consider his evidence of increased Hindu nationalism. Singh's motion to reopen adequately raised the issue of increased Hindu nationalism to place the BIA on notice of it for purposes of exhaustion under 8 U.S.C. § 1252(d)(1). *See Abubaker Abushagif v. Garland*, 15 F.4th 323, 333 (5th Cir. 2021). The BIA is not required to "write an exegesis on every contention" but must consider the issues raised before it and provide a decision "sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Deep*, 967 F.3d at 503 (internal quotation marks and citation omitted).

While the BIA did not include increased Hindu nationalism in its list of circumstances that Singh claimed as changes in country conditions, the BIA's listed circumstances mirrored the three-item list Singh provided in his motion to reopen. Singh's claims of increased Hindu nationalism went hand in hand with his arguments that Prime Minister Modi's reelection and the recent targeting of his family constituted a material change in country conditions. The BIA's decision reflects that it considered whether there was a material change in country conditions due to those circumstances, and there is no indication that the BIA failed to take into account the totality of the evidence presented by Singh. Singh's argument is unavailing. *See Deep*, 967 F.3d at 503.

The petition for review is DENIED.