# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-60331
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2025

Lyle W. Cayce
Clerk

Georgii Abashidze,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A249 268 882

———————————————————

Before Barksdale, Stewart, and Ramirez

Per Curiam:[*]

Georgii Abashidze, a native and citizen of Russia, proceeding *pro se*, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of the immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). (The BIA determined Abashidze abandoned his CAT claim by failing to raise

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the issue in his appeal before the BIA. He does not challenge this determination in his petition for review, and has therefore abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).)

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id*. Findings of fact, including an applicant's eligibility for asylum and withholding of removal, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted). Abashidze has not met this standard.

Abashidze's asylum and withholding-of-removal claims in our court are based on his fear of persecution on account of his oppositional political opinion to the Russian government. *See, e.g.*, *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (setting forth criteria for asylum). Abashidze challenges the BIA's determination that he did not meet his burden to establish a well-founded fear of future persecution, contending the BIA erred by failing to consider the entirety of his evidence, including the country-conditions reports. The BIA need not "write an exegesis on every contention". *See Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004). The assertion that not all evidence was reviewed "cannot overcome the presumption of regularity". *Deep v. Barr*, 967 F.3d 498, 503 (5th Cir. 2020). Both the IJ and the BIA "consider[ed] the issues raised, and announce[d] [their] decision in terms sufficient to enable a reviewing court to perceive that [they] ha[ve] heard and thought and not merely reacted". *Roy*, 389 F.3d at 139. Accordingly, the BIA did not reversibly err in determining Abashidze failed to meet his burden to

establish a well-founded fear of future persecution. Further, to the extent Abashidze contends the BIA erroneously based its findings on his lack of past persecution (which he concedes), such contention is likewise unavailing.

Abashidze does not challenge the BIA's determination that he did not meaningfully assert any challenges to the IJ's relocation determination and has therefore abandoned the issue. *See Soadjede*, 324 F.3d at 833. In any event, he does not offer any evidence or assertions beyond speculation that the Russian government would seek him out. *See Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020) (petitioner bears burden of establishing relocation is unreasonable). Because Abashidze's failure to show he could not relocate within Russia is dispositive of his asylum claim based on his fear of future persecution, *see Munoz-Granados*, 958 F.3d at 407, we need not address his remaining contentions regarding future persecution. *E.g., Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach".).

Further, although Abashidze indicates in his brief that he has newly discovered evidence, we "decide the petition only on the administrative record on which the order of removal is based", 8 U.S.C. § 1252(b)(4)(A); if he has discovered new evidence since his removal hearing, he may file a motion to reopen with the BIA, *see Lugo-Resendez v. Lynch*, 831 F.3d 337, 339 (5th Cir. 2016).

Because Abashidze has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the persecution issue, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), he cannot establish eligibility for asylum, *see Sharma*, 729 F.3d at 411. And, to the extent he challenges the denial of withholding of removal, Abashidze cannot prevail under its more demanding standard. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006)

No. 24-60331

("failure to establish eligibility for asylum is dispositive of claims for withholding of removal").

Next, Abashidze contends the IJ erred in excluding proffered documents for noncompliance with the immigration regulations' translation requirements without justification and without giving him an opportunity to remedy any deficiencies. He contends that the exclusion prejudiced his applications for relief. The IJ did not err in excluding the proffered documents because they did not comply with the relevant regulations. *See* 8 C.F.R. § 1003.33. Although Abashidze contends the IJ should have granted him additional time to take remedial actions regarding the translations, the IJ is not required to provide the applicant "additional *advance* notice of the *specific* corroborating evidence necessary to meet the applicant's burden of proof and an *automatic* continuance for the applicant to obtain such evidence". *Avelar-Oliva v. Barr*, 954 F.3d 757, 771 (5th Cir. 2020) (emphasis in original) (citation omitted). Moreover, Abashidze, who was represented by counsel both before the IJ and the BIA, did not file an accompanying motion for untimely submission of the documents and made no mention of it on appeal before the BIA.

Finally, Abashidze has not established a due-process violation in relation to the exclusion as he does not show how it affected the outcome of his proceedings. *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018) (due-process violation requires showing of substantial prejudice, *i.e.*, the violation affected the outcome of the proceedings).

DENIED.